UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-cv-81248-DIMITROULEAS

PENNSYLVANIA MANUFACTURERS'
ASSOCIATION INSURANCE
COMPANY,

       *Plaintiff*,

v.

NORTH AMERICAN AUTOMOTIVE
SERVICES, INC., EDWARD NAPLETON,
JR., DEE FRANK GRINNELL, AND JANE
DOE,

       *Defendants.*

_____/

**DEFENDANTS AND COUNTER PLAINTIFFS NORTH AMERICAN AUTOMOTIVE
SERVICES, INC., EDWARD W. NAPLETON, AND DEE FRANK GRINNELL'S
<u>ANSWER AND COUNTERCLAIM</u>**

Defendants North American Automotive Services, Inc., Edward W. Napleton, and Dee

Frank Grinnell (collectively, "NAAS Defendants"), by and through their counsel, hereby assert

the following as their Answer, Affirmative Defenses, and Counterclaim to the Complaint for

Declaratory Relief ("Complaint") filed by Pennsylvania Manufacturers' Association Insurance

Company ("PMA") [ECF 1].  As a preliminary matter, Defendant Napleton states that "Edward

Napleton, Jr." as pleaded in the Complaint is a misnomer, and that Napleton's legal name is instead

"Edward W. Napleton."

<u>**ANSWER**</u>

NAAS Defendants generally deny each and every allegation of the Complaint that is not

expressly admitted herein.  NAAS Defendants respond to the numbered paragraphs of the

Complaint as follows:

1

1.      The allegations in Paragraph 1 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants admit that there is an actual case and controversy between the parties.  NAAS Defendants deny any remaining allegations in Paragraph 1.

2.      The allegations in Paragraph 2 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants admit that PMA seeks a declaration that it has no duty to defend or indemnify North American Automotive Services, Inc. ("NAAS") with respect to the OEO Complaint attached to the PMA Complaint as Exhibit A. NAAS Defendants admit that Exhibit A is a copy of the OEO Complaint.  NAAS Defendants further aver that the allegations in the OEO Complaint speak for themselves and deny any characterizations or allegations set forth in Paragraph 2 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 2.

3.      The allegations in Paragraph 3 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants admit that PMA seeks a declaration that it has no duty to defend or indemnify Grinnell or Napleton with respect to the Civil Complaint attached to the PMA Complaint as Exhibit B.  NAAS Defendants admit that Exhibit B is a copy of the original Civil Complaint.  NAAS Defendants aver that a first amended Civil Complaint was filed after PMA's Complaint, a copy of which is attached to NAAS Defendants' Counterclaims.  NAAS Defendants further aver that the allegations in the Civil Complaint(s) speak for themselves and deny any characterizations or allegations set forth in Paragraph 3 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 3.

## I. PARTIES[1]

4.      NAAS Defendants admit on information and belief the allegations in Paragraph 4. NAAS Defendants further aver on information and belief that PMA also is incorporated in the Commonwealth of Pennsylvania.

5.      NAAS Defendants admit the allegations in Paragraph 5.

6.      NAAS Defendants admit the allegations in Paragraph 6.

7.      NAAS Defendants admit the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants admit on information and belief that Defendant Jane Doe is over the age of eighteen and a citizen of Florida.  NAAS Defendants deny any remaining allegations in Paragraph 8.

9.      The allegations in Paragraph 9 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants admit that the amount in controversy exceeds $75,000 and incorporates its responses to Paragraphs 4, 5, 6, 7, and 8 of PMA's Complaint regarding the citizenship of the parties as if set forth fully in response to Paragraph 9.  NAAS Defendants deny any remaining allegations in Paragraph 9.

## II. JURISDICTION AND VENUE

10.     The allegations in Paragraph 10 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants admit that PMA's Complaint seeks declaratory judgments under 28 U.S.C. § 2201.  NAAS Defendants deny any remaining allegations in Paragraph 10.

---

[1] The headings in the PMA Complaint are included for the Court's and parties' convenience only.  To the extent the headers in PMA's Complaint can be read to include any allegations, NAAS Defendants deny them.

11.     The allegations in Paragraph 11 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS admits that it operates in this District.  NAAS Defendants deny any remaining allegations in Paragraph 11.

12.     The allegations in Paragraph 12 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS denies that its principal place of business is in this District and avers that its principal place of business is in Illinois.  NAAS Defendants deny any remaining allegations in Paragraph 12.

13.     The allegations in Paragraph 13 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants admit that this action addresses insurance coverage for Jane Doe's allegations regarding events taking place within this District.  NAAS Defendants deny any remaining allegations in Paragraph 13.

14.     The allegations in Paragraph 14 contain legal conclusions to which no response is required.  To the extent a response is required, Grinnell denies that he is a resident in this District and avers that he is resident in Orlando, Florida, encompassed by the U.S. District Court for the Middle District of Florida.  NAAS Defendants deny any remaining allegations in Paragraph 14.

### III. FACTUAL BACKGROUND

15.     NAAS Defendants admit the allegations in Paragraph 15.

16.     NAAS Defendants admit the allegations in Paragraph 16.  Assumed names under which NAAS does business include, among others, "Napleton Automotive Group" and "Ed Napleton Dealership Group."

17.     The allegations in Paragraph 17 contain legal conclusions to which no response is required.  NAAS Defendants admit that NAAS at times acts through Napleton Auto.  NAAS

Defendants deny any remaining allegations in Paragraph 17, including because "at all relevant times" is vague.

18.     NAAS Defendants admit the allegations in paragraph 18.

19.     NAAS Defendants admit the allegations in paragraph 19.

20.     NAAS Defendants deny the allegations in paragraph 20.  NAAS Defendants further aver that Jane Doe was previously employed as a corporate trainer by NAAS a/k/a Napleton Auto a/k/a Ed Napleton Dealership Group but is no longer.

21.     NAAS Defendants admit that Exhibit A is a copy of the OEO Complaint.  NAAS Defendants admit the remaining allegations in Paragraph 21 on information and belief.

22.     Paragraph 22 is a characterization of the allegations in the OEO Complaint to which no response is required.  To the extent a response is required, NAAS Defendants aver that the allegations in the OEO Complaint speak for themselves and deny any characterizations or allegations set forth in Paragraph 22 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 22.

23.     Paragraph 23 is a characterization of the allegations in the OEO Complaint to which no response is required.  To the extent a response is required, NAAS Defendants aver that the allegations in the OEO Complaint speak for themselves and deny any characterizations or allegations set forth in Paragraph 23 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 23.

24.     Paragraph 24 is a characterization of the allegations in the OEO Complaint to which no response is required.  To the extent a response is required, NAAS Defendants aver that the allegations in the OEO Complaint speak for themselves and deny any characterizations or

allegations set forth in Paragraph 24 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 24.

25.      Paragraph 25 is a characterization of the allegations in the OEO Complaint to which no response is required.  To the extent a response is required, NAAS Defendants aver that the allegations in the OEO Complaint speak for themselves and deny any characterizations or allegations set forth in Paragraph 25 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 25.

26.      Paragraph 26 is a characterization of the allegations in the OEO Complaint to which no response is required.  To the extent a response is required, NAAS Defendants aver that the allegations in the OEO Complaint speak for themselves and deny any characterizations or allegations set forth in Paragraph 26 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 26.

27.      Paragraph 27 is a characterization of the allegations in the OEO Complaint to which no response is required.  To the extent a response is required, NAAS Defendants aver that the allegations in the OEO Complaint speak for themselves and deny any characterizations or allegations set forth in Paragraph 27 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 27.

28.      Paragraph 28 is a characterization of the allegations in the OEO Complaint to which no response is required.  To the extent a response is required, NAAS Defendants aver that the allegations in the OEO Complaint speak for themselves and deny any characterizations or allegations set forth in Paragraph 28 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 28.

29.     NAAS Defendants admit that Exhibit B is a copy of the original Civil Complaint. NAAS Defendants aver that a first amended Civil Complaint was filed after PMA's Complaint, a copy of which is attached to NAAS Defendants' Counterclaims.  NAAS Defendants admit the remaining allegations in Paragraph 29.

30.     Paragraph 30 is a characterization of the allegations in the OEO Complaint and Civil Complaint to which no response is required.  To the extent a response is required, NAAS Defendants aver that the allegations in the OEO Complaint and Civil Complaint speak for themselves and deny any characterizations or allegations set forth in Paragraph 30 that are inconsistent therewith.  NAAS Defendants further aver that the Civil Complaint contains more detailed allegations addressing the same events as the OEO Complaint.  NAAS Defendants deny any remaining allegations in Paragraph 30.

31.     Paragraph 31 is a characterization of the allegations in the Civil Complaint to which no response is required.  To the extent a response is required, NAAS Defendants aver that the allegations in the Civil Complaint(s) speak for themselves and deny any characterizations or allegations set forth in Paragraph 31 that are inconsistent therewith.  NAAS Defendants further admit that the Civil Action alleges five labeled "count[s]," including the four identified by PMA and one other labeled as "Count V NEGLIGENCE – PREMISES LIABILITY (Against West Palm Beach Marriott)."  NAAS Defendants deny any remaining allegations in Paragraph 31.

32.     NAAS Defendants admit the allegations in Paragraph 32.  NAAS Defendants further aver that NAAS sought and seeks defense from PMA.

33.     NAAS Defendants admit the allegations in Paragraph 33.  NAAS Defendants further aver that NAAS sought and seeks defense and indemnity from PMA for Grinnell and Napleton.

34.     The allegations in Paragraph 34 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants admit that PMA denies any duty to defend or indemnify NAAS with respect to the OEO Complaint.  NAAS Defendants deny any remaining allegations in Paragraph 34.

35.     The allegations in Paragraph 35 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants admit that PMA denies any duty to defend or indemnify Napleton and Grinnell with respect to the Civil Complaint.  NAAS Defendants deny any remaining allegations in Paragraph 35.

### IV. PMA'S POLICIES ISSUED TO NORTH AMERICAN

36.     NAAS Defendants admit that PMA issued an insurance policy number 131775-04-99-89-7 to NAAS with a period 9/1/2017 to 9/1/2018 ("General Liability Policy") and that Exhibit C is a partial copy.  A more complete copy is attached to NAAS Defendants' Counterclaim. The remainder of Paragraph 36 is a characterization of the General Liability Policy to which no response is required.  To the extent a response is required, NAAS Defendants aver that the terms and conditions of the General Liability Policy speak for themselves and deny any allegations set forth in Paragraph 36 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 36.

37.     NAAS Defendants admit that the General Liability Policy contains the quoted language.  The remainder of Paragraph 37 is a characterization of the quoted policy language to which no response is required.  To the extent a response is required, NAAS Defendants aver that the terms and conditions of the General Liability Policy speak for themselves and deny any allegations set forth in Paragraph 37 that are inconsistent therewith.  NAAS Defendants further aver that the General Liability Policy's coverage grant (A) for "Bodily Injury and Property Damage

Liability" contains additional language not quoted in PMA's Complaint. NAAS Defendants further aver that the General Liability Policy's general liability coverage also includes a coverage grant (B) for "Personal and Advertising Injury Liability" not referenced in PMA's Complaint. NAAS Defendants deny any remaining allegations in Paragraph 37.

38.     NAAS Defendants deny the allegations in Paragraph 38. NAAS Defendants further aver that the General Liability Policy does not define the term "accident." The General Liability Policy states that in addition to its common meaning, "'Accident *includes* continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage.'" (Emphasis added).

39.     The allegations in Paragraph 39 contain legal conclusions to which no response is required. To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 39.

40.     NAAS Defendants admit that the General Liability Policy contains the quoted language. The remainder of Paragraph 40 is a characterization of the quoted policy language to which no response is required. To the extent a response is required, NAAS Defendants aver that the terms and conditions of the General Liability Policy speak for themselves and deny any allegations set forth in Paragraph 40 that are inconsistent therewith. NAAS Defendants deny any remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 41.

42.     NAAS Defendants admit that the General Liability Policy contains the quoted language. The remainder of Paragraph 42 is a characterization of the quoted policy language to

which no response is required.  To the extent a response is required, NAAS Defendants aver that the terms and conditions of the General Liability Policy speak for themselves and deny any allegations set forth in Paragraph 42 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 42.

43.     The allegations in Paragraph 43 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 43.

44.     NAAS Defendants admit that the General Liability Policy contains the quoted language.  The remainder of Paragraph 44 is a characterization of the quoted policy language to which no response is required.  To the extent a response is required, NAAS Defendants aver that the terms and conditions of the General Liability Policy speak for themselves and deny any allegations set forth in Paragraph 44 that are inconsistent therewith.  NAAS Defendants further aver that the General Liability Policy's definition of "Suit" contains additional language not quoted in PMA's Complaint.  NAAS Defendants deny any remaining allegations in Paragraph 44.

45.     The allegations in Paragraph 45 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 45.

46.     Paragraph 46 is a characterization of the General Liability Policy to which no response is required.  To the extent a response is required, NAAS Defendants aver that the terms and conditions of the General Liability Policy speak for themselves and deny any allegations set forth in Paragraph 46 that are inconsistent therewith.  NAAS Defendants further aver that the exclusion to the General Liability Policy's coverage grant (A) for "Bodily Injury and Property Damage Liability" labeled "Expected or Intended Injury" contains additional language not quoted

in PMA's Complaint.  NAAS Defendants further aver that there is no exclusion labeled "Expected or Intended Injury" to the General Liability Policy's coverage grant (B) for "Personal and Advertising Injury Liability."  NAAS Defendants deny any remaining allegations in Paragraph 46.

47.     The allegations in Paragraph 47 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 47.

48.     NAAS Defendants admit that the General Liability Policy contains the quoted language as part of separate exclusions to both the "Bodily Injury and Property Damage Liability" coverage grant and the "Personal and Advertising Injury Liability" coverage grant.  The remainder of Paragraph 48 is a characterization of the quoted policy language to which no response is required.  To the extent a response is required, NAAS Defendants aver that the terms and conditions of the General Liability Policy speak for themselves and deny any allegations set forth in Paragraph 48 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 48.

49.     The allegations in Paragraph 49 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 49.

50.     NAAS Defendants admit that the General Liability Policy contains the quoted language.  The remainder of Paragraph 50 is a characterization of the quoted policy language to which no response is required.  To the extent a response is required, NAAS Defendants aver that the terms and conditions of the General Liability Policy speak for themselves and deny any allegations set forth in Paragraph 50 that are inconsistent therewith.  NAAS Defendants further deny that the quoted "Who is an Insured" provision for the "acts, errors or omissions" insuring

agreement is the applicable provision.  NAAS Defendants further aver that the "Who is an Insured" provision for "General Liability Coverages" applies to those coverages.  NAAS Defendants deny any remaining allegations in Paragraph 50.

51.    The allegations in Paragraph 51 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 51.

52.    NAAS Defendants admit that PMA issued an insurance policy number 201775-04-99-89-7 to NAAS with a period 9/1/2017 to 9/1/2018 ("WC/EL Policy") and that Exhibit D is a copy.  NAAS's copy is attached to NAAS Defendants' Counterclaim.  The remainder of Paragraph 52 is a characterization of the WC/EL Policy to which no response is required.  To the extent a response is required, NAAS Defendants aver that the terms and conditions of the WC/EL Policy speak for themselves and deny any allegations set forth in Paragraph 52 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 52.

53.    NAAS Defendants admit that the WC/EL Policy contains the quoted language.  The remainder of Paragraph 53 is a characterization of the quoted policy language to which no response is required.  To the extent a response is required, NAAS Defendants aver that the terms and conditions of the WC/EL Policy speak for themselves and deny any allegations set forth in Paragraph 53 that are inconsistent therewith.  NAAS Defendants deny any remaining allegations in Paragraph 53.

54.    The allegations in Paragraph 54 contain legal conclusions to which no response is required.  To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 54.

55.     NAAS Defendants admit that the WC/EL Policy contains the quoted language in a "Florida Employers Liability Coverage Endorsement."   The remainder of Paragraph 55 is a characterization of the quoted policy language to which no response is required.   To the extent a response is required, NAAS Defendants aver that the terms and conditions of the WC/EL Policy speak for themselves and deny any allegations set forth in Paragraph 55 that are inconsistent therewith.   NAAS Defendants deny any remaining allegations in Paragraph 55.

56.     The allegations in Paragraph 56 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 56.

57.     NAAS Defendants admit that the WC/EL Policy contains the quoted language.   The remainder of Paragraph 57 is a characterization of the quoted policy language to which no response is required.   To the extent a response is required, NAAS Defendants aver that the terms and conditions of the WC/EL Policy speak for themselves and deny any allegations set forth in Paragraph 57 that are inconsistent therewith.   NAAS Defendants deny any remaining allegations in Paragraph 57.

58.     The allegations in Paragraph 58 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 58.

59.     The allegations in Paragraph 59 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 61.

**COUNT I – DECLARATORY JUDGMENT (28 U.S.C. § 2201) – OEO COMPLAINT**

62.     NAAS Defendants incorporate their responses to Paragraphs 1 through 61 of the Complaint as if set forth fully in response to Paragraph 62.

63.     The allegations in Paragraph 63 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 78.

## **COUNT II – DECLARATORY JUDGMENT (28 U.S.C. § 2201) – CIVIL COMPLAINT**

79.     NAAS Defendants incorporate their responses to Paragraphs 1 through 78 of the Complaint as if set forth fully in response to Paragraph 79.

80.     The allegations in Paragraph 80 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 82.

83.     The allegations in Paragraph 83 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 84.

85.     The allegations in Paragraph 85 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 contain legal conclusions to which no response is required.   To the extent a response is required, NAAS Defendants deny the allegations in Paragraph 86.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the Complaint, and each cause of action alleged therein, Defendant allege as follows:

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint are barred to the extent this Court's subject matter jurisdiction is not satisfied by complete diversity of citizenship between plaintiff and all actual and/or necessary defendants.

## THIRD AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, to the extent they require determination of any questions in controversy in the action initiated by Jane Doe's Civil Complaint, pursuant to the *Brillhart/Wilton* doctrine. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).

## FOURTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in part because PMA's duty to indemnify is not ripe for adjudication until the underlying claim is resolved. *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019).

## FIFTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because Jane Doe's allegations are within the terms of defense coverage provided by PMA and are not excluded therefrom.

## SIXTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, by reason of the doctrine of waiver or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, by reason of the doctrine of unclean hands.

## <u>EIGHTH AFFIRMATIVE DEFENSE</u>

The claims in the Complaint are barred, in whole or in part, by reason of the doctrine of laches.

## <u>NINTH AFFIRMATIVE DEFENSE</u>

NAAS Defendants incorporate by reference, as if fully set forth herein, each and every legal defense asserted in any pleading in this action which is applicable to and supportive of NAAS Defendants' defense in this action and is not otherwise set forth herein. NAAS Defendants reserve the right to seek leave of the Court to amend this Answer and/or add affirmative defenses that become known to it through discovery and the course of litigation.

## <u>JURY DEMAND</u>

NAAS Defendants hereby demand a trial by jury on all issues so triable in this case.

## COUNTERCLAIM

1.      This is an insurance coverage lawsuit for declaratory judgment and damages for breach of contract.  Defendant and Counterclaim Plaintiff North American Automotive Services, Inc. ("NAAS")[2] paid premiums to purchase multiple interlocking business insurance policies from Plaintiff and Counterclaim Defendant, Pennsylvania Manufacturers' Insurance Company ("PMA") for the period September 1, 2017 to September 1, 2018.

2.      Those policies include the Commercial Garage/Auto Dealers Liability insurance policy No. 131775-04-99-89-7 (the "General Liability Policy"), which includes a Commercial General Liability Coverage Part, and Workers Compensation and Employers Liability insurance policy No. 201775-04-99-89-7 (the "WC/EL Policy").  NAAS's copy of the General Liability Policy is attached hereto as Exhibit 1.  NAAS's copy of the WC/EL Policy is attached hereto as Exhibit 2. Both the General Liability Policy and WC/EL Policy were delivered to NAAS in Illinois.

3.      Pursuant to those policies, PMA agreed to defend its policyholder NAAS (and its executives and other employees under the General Liability Policy) against certain claims for alleged bodily injuries and personal injuries, including injuries to third parties and employees outside the course of employment under the Commercial General Liability Coverage Part of the General Liability Policy and injuries to employees in the course of their employment under the WC/EL Policy.

4.      Underlying claimant and nominal Defendant Jane Doe alleged bodily injuries and personal injuries in the OEO Complaint, first Civil Complaint, and Doe FAC (all as further defined below) of the kind covered by the insurance policies that PMA sold to NAAS.

---

[2] Defined terms in Counter Plaintiffs the NAAS Defendants' Counterclaim are used consistently with their use in NAAS Defendants' Answer and Affirmative Defenses unless otherwise noted.

5.      PMA was and is required to provide a defense pursuant to the insurance issued. PMA instead denied coverage to its insureds and brought the instant insurance coverage lawsuit against them, further increasing their out-of-pocket costs and aggravating PMA's breach of contract.

6.      NAAS, Edward W. Napleton, and Dee Frank Grinnell ("Counter Plaintiffs") seek declaratory judgments to determine PMA's obligations pursuant to the insurance policies issued. Counter Plaintiffs also seek damages for breach of contract for PMA's failure to defend NAAS, Edward W. Napleton, and Dee Frank Grinnell in connection with the allegations asserted against them.

## THE PARTIES

7.      Counter Plaintiff NAAS is an Illinois corporation with its principal place of business at 1 Oakbrook Terrace, Suite 600, Oakbrook Terrace, Illinois 60181.  NAAS provides a wide range of services and support to auto, marine, RV, motorcycle and powersports dealerships throughout the United States, including in the State of Florida.

8.      Counter Plaintiff Napleton is an individual over the age of eighteen and a citizen of Illinois.  Napleton was in August 2018 and remains an insured under the General Liability Policy.

9.      Counter Plaintiff Grinnell is an individual over the age of eighteen and a citizen of Florida.  Grinnell was in August 2018 and remains an insured under the General Liability Policy.

10.     On information and belief, Counter Defendant PMA is an insurance company incorporated in the Commonwealth of Pennsylvania with its principal place of business at 380 Sentry Parkway, Blue Bell, PA 19422-0754.

## JURISDICTION AND VENUE

11.     These Counterclaims are filed pursuant to Fed. R. Civ. P. 13 and 28 U.S.C. § 1332.

## THE GENERAL LIABILITY POLICY

12.     The General Liability Policy's Section II – General Liability Insurance Coverages insuring agreement A for "Bodily Injury and Property Damage Liability" provides in part that PMA "will pay all sums the 'insured' must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident', and resulting from your 'auto dealer operations' other than the ownership, maintenance, or use of 'autos.'"

13.     The General Liability Policy's Section II – General Liability Insurance Coverages insuring agreement B for "Bodily Injury and Property Damage Liability" also provides in part that PMA "ha[s] the right and duty to defend against a 'suit' asking for these damages."

14.     The General Liability Policy's Section V – Definitions states that an "accident" for purposes of the General Liability Policy also "includes continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage'."

15.     The General Liability Policy's Section V – Definitions defines "bodily injury" as "bodily injury, sickness or disease sustained by a person including death resulting from any of these."

16.     The General Liability Policy's Section V – Definitions defines "auto dealer operations" as "the ownership, maintenance or use of locations for an 'auto' dealership and that portion of the roads or other accesses that adjoin these locations. 'Auto dealer operations' also include all operations necessary or incidental to an 'auto' dealership."

17.     The General Liability Policy's Section II – General Liability Insurance Coverages insuring agreement B for "Personal and Advertising Injury Liability" provides in part that PMA "will pay all sums the 'insured' must pay as damages because of 'personal and advertising injury'

to which this insurance applies, caused by an offense arising out of your 'auto dealer operations', but only if the offense was committed in the coverage territory during the policy period."

18.     The General Liability Policy's Section II – General Liability Insurance Coverages insuring agreement B for "Personal and Advertising Injury Liability" also provides in part that PMA "will have the right and duty to defend against a 'suit' asking for these damages."

19.     The General Liability Policy's Section V – Definitions defines "personal and advertising injury" as "injury, including consequential 'bodily injury', arising out of one or more of the following offenses":

> 1. False arrest, detention or imprisonment;
> 2. Malicious prosecution;
> 3. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> 4. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> 5. Oral or written publication, in any manner, of material that violates a person's right of privacy;
> 6. The use of another's advertising idea in your "advertisement"; or
> 7. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

20.     The General Liability Policy's Section II – General Liability Insurance Coverages insuring agreement B for "Personal and Advertising Injury Liability" also provides in part that PMA "will have the right and duty to defend against a 'suit' asking for these damages."

**THE WC/EL POLICY**

21.     PMA promised under the Employers Liability coverage provided in Part II of the WC/EL Policy to "pay all sums that [NAAS] legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance."

22.     Among other requirements, that coverage first requires that "[t]he bodily injury must arise out of and in the course of the injured employees' employment by you."

23.     PMA agreed under the Employers Liability coverage provided in Part II of the WC/EL Policy that it would "have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits."

**JANE DOE'S ALLEGATIONS**

24.     The operative complaint in Jane Doe's civil lawsuit against Grinnell, Napleton, the West Palm Beach Marriott, and PMB Properties, LLC is the (first) Amended Complaint dated September 11, 2019.  A true and correct copy of the Amended Complaint ("Doe FAC") is attached as Exhibit 3.

25.     The Doe FAC alleges in Paragraph 9 that "[a]t all relevant times, Plaintiff Jane Doe was employed by Napleton Automotive Group as a Corporate Trainer" and that "[o]n Tuesday August 7, 2018, Plaintiff attended an evening work function at a restaurant in West Palm Beach" also attended by Grinnell and Napleton.

26.     The Doe FAC alleges in Paragraph 12 that a video exists showing Grinnell and Napleton "taking Jane Doe to hotel room no. 102 shortly after midnight" and at that time "Jane Doe could not walk herself, and was in a helpless and dependent state."

24

27.     The Doe FAC further alleges in Paragraph 12 that the video shows that Grinnell, with Napleton present, "opened the door to the hotel room with a card key," that "[b]efore entering the room, Jane Doe fell to the ground unconscious," and that Grinnell "grabbed Jane Doe by her feet and dragged her into the room."

28.     The Doe FAC alleges in Paragraph 13 that "[u]pon information and belief, the hotel room where Jane Doe was placed while she was unconscious was obtained and/or purchased by" Grinnell, that Jane Doe was "brought through the hotel to the room in an incapacitated state," and that "[a]t no point did Jane Doe appear to hotel personnel by her own volition to secure a room in the hotel."

29.     The Doe FAC alleges in Paragraph 14 that a video exists showing Grinnell and Napleton leaving Jane Doe in the hotel room, but that "a short time later, video surveillance shows Jane Doe attempting to escape, leaving the room and moving down the hall but falling in the hallway unconscious."

30.     The Doe FAC alleges in Paragraphs 15 & 16 that, after the West Palm Beach Marriott hotel staff discovered Jane Doe they "placed her in a wheelchair and brought her to the lobby," at which point the Doe FAC alleges an unnamed "Napleton Automotive Group executive walked up and attempted to take her away in the wheelchair."

31.     The Doe FAC alleges in Paragraph 17 that when Grinnell "became aware that Jane Doe was in the lobby in her diminished state," he "instructed hotel staff to bring Jane Doe back to room 102, where he and [Napleton] had placed her a short time before."  The Doe FAC further alleges in Paragraph 17 that "hotel staff complied with [Grinnell's] instruction and placed Jane Doe in that hotel room."

32.     The Doe FAC alleges in paragraph 18 that a video exists showing that soon after, "Grinnell obtained from a West Palm Beach Marriott employee or agent at the lobby desk a card key for room 102 where Jane Doe had been placed," and that "Grinnell handed the card key to Eddie Napleton."  The Doe FAC further alleges in paragraph 18 that Grinnell, Napleton, and a third unnamed man "proceed[ed] toward room 102" together.

33.     The Doe FAC alleges in paragraphs 19 & 20 that "Napleton alone then entered room 102 with the key card he had just obtained" from Grinnell after he "called Jane Doe's cell phone from his cell phone," which "[s]he did not answer because she was unconscious.

34.     The Doe FAC alleges in Paragraph 21 that subsequent to entering the room, Napleton "engaged in sex with Jane Doe … when she was … incapable of consent to a sexual act."

35.     The Doe FAC alleges in Paragraph 26 that "[a]s a result of the [alleged] sexual battery, Jane Doe has been emotionally distraught and has suffered severe, continuing and permanent injuries, including shame, humiliation, depression, anxiety, lack of trust, and the inability to lead a normal life."

36.     The OEO Complaint contains less detailed allegations addressing the same events as the original Civil Complaint and Doe FAC.  In short, and only as summary of the actual written allegations which must speak for themselves, the OEO Complaint allegations include but are not limited to the allegations that: (1) Jane Doe attended an evening work function with Grinnell and Napleton in West Palm Beach; (2) Grinnell and Napleton afterward placed Jane Doe in a hotel room while she was unconscious and/or otherwise in a helpless state; (3) that Jane Doe exited the hotel room shortly thereafter and fell in the hallway; (4) that hotel staff found Jane Doe and returned her to the same hotel room; (5) that Grinnell obtained a key to the same hotel room from hotel staff; (6) that Grinnell handed that key to Napleton; (7) that Napleton entered the room alone;

(8) that Jane Doe was sexually assaulted by Napleton; and (9) that Jane Doe has suffered resulting psychological and emotional injuries.

37.     The Civil Complaint initiated a "suit" asking for "damages" from Grinnell and Napleton because of "personal and advertising injury" caused by an offense arising out of "auto dealer operations" within the meaning of the General Liability Policy.  The Doe FAC is the operative complaint in that action and seeks the same damages from Grinnell and Napleton.

38.     The Civil Complaint initiated a "suit" asking for "damages" from Grinnell and Napleton because of "bodily injury" caused by an "accident" resulting from "auto dealer operations" within the meaning of the General Liability Policy.  The Doe FAC is the operative complaint in that action and seeks the same damages from Grinnell and Napleton.

### THE COVERAGE DISPUTE BETWEEN PMA AND COUNTER PLAINTIFFS

39.     NAAS provided timely notice to PMA of the OEO Complaint and sought defense coverage on behalf of all insureds covered as to that proceeding.

40.     PMA denied coverage for the OEO Complaint on or about July 18, 2019.

41.     NAAS provided timely notice to PMA of the Doe Lawsuit and sought defense coverage on behalf of all insureds covered as to that proceeding.

42.     PMA denied coverage for the Doe Lawsuit on or about September 9, 2019, and simultaneously filed this declaratory judgment action.

43.     PMA had and has a duty to defend Grinnell and Napleton against the entire Doe Lawsuit pursuant to the General Liability Policy and is in continuing breach of that duty.

## COUNT I – BREACH OF CONTRACT ON DUTY TO DEFEND
## (BY ALL COUNTER PLAINTIFFS)

44.　　Counter Plaintiffs allege the foregoing Paragraphs 1 through 43 of this Counterclaim as if fully set forth herein.

45.　　The General Liability Policy constitutes a lawfully-binding contract between PMA and Counter Plaintiffs.

46.　　Counter Plaintiffs have complied with all necessary terms and conditions contained in the General Liability Policy, except to the extent that their performance is futile or has been or is excused by PMA.

47.　　Counter Plaintiffs have demanded PMA's performance under the General Liability Policy.

48.　　PMA had and has a "duty to defend" Grinnell and Napleton in the Doe Lawsuit pursuant to the General Liability Policy, based on the allegations contained in the original Complaint and Doe FAC.

49.　　PMA's duty to defend Grinnell and Napleton encompasses the entire Doe Lawsuit.

50.　　PMA's duty to defend Grinnell and Napleton in the Doe Lawsuit pursuant to the General Liability Policy encompasses defense costs incurred by NAAS, Grinnell, and Napleton to counter the same and factually related allegations in the Doe Lawsuit and other proceedings, including the proceeding initiated by the OEO Complaint and the criminal proceeding against Napleton.

51.　　PMA denied coverage and refused to assume its "duty to defend" its insureds against the allegations made in the Doe Lawsuit.

52.     PMA's denial of coverage and refusal to assume its "duty to defend" deprived Counter Plaintiffs of the benefits of PMA's insurance coverage with respect to the Doe Lawsuit and constitutes a material breach of PMA's obligations pursuant to the General Liability Policy.

53.     As a direct and proximate result of PMA's breach of its "duty to defend" pursuant to the General Liability Policy, Counter Plaintiffs have incurred, among other amounts, defense costs defending against the allegations asserted in the Doe Lawsuit and in the future are likely to incur substantial additional costs and damages, as such costs are continuing.

54.     Counter Plaintiffs are entitled to damages for breach of contract according to proof.

**COUNT II – DECLARATORY JUDGMENT ON PMA'S DUTY TO DEFEND IN CONNECTION WITH THE DOE LAWSUIT UNDER THE GENERAL LIABILITY POLICY**

**(BY ALL COUNTER PLAINTIFFS)**

55.     Counter Plaintiffs allege the foregoing Paragraphs 1 through 43 of this Counterclaim as if fully set forth herein.

56.     A justiciable controversy exists between Counter Plaintiffs, on the one hand, and PMA, on the other, as to their respective rights and obligations, and the defense coverage owed pursuant to the General Liability Policy for Doe Lawsuit.

57.     Counter Plaintiffs seek a judicial determination to resolve a present justiciable controversy among the parties regarding the defense coverage of the Doe Lawsuit pursuant to the General Liability Policy.

58.     Counter Plaintiffs are entitled to a judicial declaration by the Court pursuant to 28 U.S.C. §§ 2201 and 2202 that PMA is obligated to provide a full defense against the Doe Lawsuit.

59.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties.

**COUNT III –**
**DECLARATORY JUDGMENT ON PMA'S DUTY TO DEFEND NAAS IN**
**CONNECTION WITH THE OEO COMPLAINT UNDER THE GENERAL LIABILITY**
**POLICY**

**(BY COUNTER PLAINTIFF NAAS)**

60.     Counter Plaintiff NAAS alleges the foregoing Paragraphs 1 through 43 of this Counterclaim as if fully set forth herein.

61.     A justiciable controversy exists between Counter Plaintiff NAAS, on the one hand, and PMA, on the other, as to their respective rights and obligations, and the defense coverage owed to NAAS pursuant to the General Liability Policy for the OEO Complaint.

62.     Counter Plaintiff NAAS seeks a judicial determination to resolve a present justiciable controversy among the parties regarding the defense coverage of the OEO Complaint pursuant to the General Liability Policy.

63.     Counter Plaintiff NAAS is entitled to a judicial declaration by the Court pursuant to 28 U.S.C. §§ 2201 and 2202 regarding the defense coverage of the OEO Complaint pursuant to the General Liability Policy.

64.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties.

**COUNT IV –**
**DECLARATORY JUDGMENT ON PMA'S DUTY TO DEFEND NAAS IN**
**CONNECTION WITH THE OEO COMPLAINT UNDER THE WC/EL POLICY**

**(BY COUNTER PLAINTIFF NAAS)**

65.     Counter Plaintiff NAAS alleges the foregoing Paragraphs 1 through 43 of this Counterclaim as if fully set forth herein.

66.     A justiciable controversy exists between Counter Plaintiff NAAS, on the one hand, and PMA, on the other, as to their respective rights and obligations, and the defense coverage owed to NAAS pursuant to the WC/EL Policy for the OEO Complaint.

67.     Counter Plaintiff NAAS seeks a judicial determination to resolve a present justiciable controversy among the parties regarding the defense coverage of the OEO Complaint pursuant to the WC/EL Policy.

68.     Counter Plaintiff NAAS is entitled to a judicial declaration by the Court pursuant to 28 U.S.C. §§ 2201 and 2202 regarding the defense coverage of the OEO Complaint pursuant to the WC/EL Policy.

69.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties.

<u>**COUNT V –**</u>
<u>**DECLARATORY JUDGMENT ON PMA'S DUTY TO INDEMNIFY**</u>

<u>**(BY ALL COUNTER PLAINTIFFS)**</u>

70.     Counter Plaintiffs allege the foregoing Paragraphs 1 through 43 of this Counterclaim as if fully set forth herein.

71.     PMA's duty to indemnify Counter Plaintiffs is contingent upon the resolution of a suit against them by judgment or settlement.

72.     In the event of a resolution of the Doe Lawsuit or factually related allegations in other proceedings by judgment or settlement, a justiciable controversy will exist between any Counter Plaintiff(s) liable for or paying toward the judgment or settlement, on the one hand, and PMA, on the other, as to their respective rights and obligations, and the indemnity coverage owed to such Counter Plaintiffs under the General Liability Policy and/or WC/EL Policy.

73.     In the event of such a judgment or settlement, any Counter Plaintiff(s) liable for or paying toward the judgment or settlement will be entitled to a judicial declaration by the Court pursuant to 28 U.S.C. §§ 2201 and 2202 regarding the indemnity coverage owed by PMA under the General Liability Policy and/or WC/EL Policy.

74.     The issuance of declaratory relief by this Court if and after this Count V shall become ripe will terminate some or all of the controversy among the parties.

## PRAYER FOR RELIEF

WHEREFORE, Counter Plaintiffs request that the Court enter an order and judgment in its favor and against PMA as follows:

A.  ON COUNT I, awarding compensatory and consequential damages to Counter Plaintiffs and against PMA as a result of PMA's breach of its contractual duties under the General Liability Policy to defend and pay all defense costs benefitting Grinnell's and Napleton's defense of the Doe Lawsuit.

B.  ON COUNT II, declaring that PMA is obligated to defend Grinnell and Napleton in the Doe Lawsuit under the General Liability Policy and to pay all defense costs incurred by NAAS, Grinnell, and Napleton to counter the same and factually related allegations in the Doe Lawsuit and other proceedings.

C.  ON COUNT III, declaring whether and on what terms PMA is obligated to defend NAAS for the OEO Complaint under the General Liability Policy.

D.  ON COUNT IV, declaring whether and on what terms PMA is obligated to defend NAAS for the OEO Complaint under the WC/EL Policy.

E.  ON COUNT V, declaring whether and on what terms PMA is obligated to indemnify Counter Plaintiffs if and after they incur liability by judgment or settlement for the Doe Lawsuit or factually related allegations in other proceedings.

F.  Awarding Counter Plaintiffs pre- and post-judgment interest under 735 Ill. Comp. Stat. Ann. 5/2-1303 or other applicable law, and any interest for late payment of insurance proceeds under applicable law.

G.  Awarding Counter Plaintiffs their attorneys' fees incurred to respond to PMA's denial of insurance and in this lawsuit, to the full extent permitted under applicable law.

H.  Awarding Counter Plaintiffs any and all such other and further relief as this Court may deem proper and just.

## JURY DEMAND

NAAS Defendants hereby demand a trial by jury on all issues so triable in this case.


Dated: December 23, 2019                BLANK ROME LLP


                                        /s/ Anthony R. Yanez
                                        Anthony R. Yanez (Florida Bar No. 45219)
                                        ayanez@blankrome.com
                                        Broward Financial Centre
                                        500 East Broward Boulevard | Suite 2100
                                        Fort Lauderdale, FL 33394
                                        Tel.:   954.512.1800
                                        Fax:    954.512.1818

                                        Jared Zola (*pro hac vice*)
                                        jzola@blankrome.com
                                        1271 Avenue of the Americas
                                        New York, NY 10020
                                        Tel.:   212.885.5000
                                        Fax:    212.885.5001

33

Kyle P. Brinkman (*pro hac vice*)
kbrinkman@blankrome.com
Shareen Sarwar (*pro hac vice*)
ssarwar@blankrome.com
1825 Eye Street NW
Washington, DC 20006
Tel.:    202.420.2200
Fax:    202.420.3171

*Attorneys for Defendants / Counter Plaintiffs*
*North American Automotive Services, Inc.,*
*Edward W. Napleton, and Dee Frank Grinnell*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

*/s/ Anthony R. Yanez*
Anthony R. Yanez
